IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEIL JOHNSON and CHERYL JOHNSON,<br><br>    Plaintiffs,<br><br>        vs.<br><br>HENRY VOGT MACHINE CO., et al.,<br><br>        Defendants. | **ORDER**<br><br>**Case No. 2:06-CV-00622DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendants' Motion for Reconsideration of the court's

Memorandum Decision and Order denying Defendants' Motion for Summary Judgment.  The

court issued its Order on February 5, 2008 (Summary Judgment Order).  Plaintiffs Neil and

Cheryl Johnson filed a memorandum in opposition to Defendants' Motion for Reconsideration.

Briefing on the motion is now complete, and the court has determined that a hearing would not

significantly aid the decisional process.  Having fully considered the memoranda submitted by

the parties, and the law and facts relevant to Defendants' motion, the court issues the following

Order.

### DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision,

however designated, that adjudicates fewer than all the claims or the rights and liabilities of

fewer than all the parties does not end the action as to any of the claims or parties and may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although the decision to revise an interlocutory order falls within the court's discretion, *see Anderson v. Deere &* Co., 852 F.2d 1244, 1246 (10th Cir. 1988), "'once a court decides an issue it [generally] . . . may not be relitigated in subsequent proceedings in the same case.'" *Wessel v. City of Albuquerque*, 463 F.3d 1138, 1143 (10th Cir. 2006) (quoting *Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002)). The law of the case doctrine provides that "[w]hen a court enunciates a rule of law in the course of a given case, . . . the court [must] adhere to the rule throughout the proceedings." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

Nonetheless, "[u]nlike res judicata, the [law of the case doctrine] is not an inexorable command, and the court should apply the doctrine with good sense." *Id*. (quotations omitted). "Accordingly, the doctrine is subject to three exceptions: '(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.'" *Id*. (quoting *Grigsby*, 294 F.3d at 1219 n.4). The Tenth Circuit has "read 'these exceptions narrowly, requiring district courts to apply the law of the case unless one of the exceptions specifically and unquestionably applies.'" *Id*. (quoting *United States v. Monsisvais*, 946 F.2d 114, 117 (10th Cir.1991) ). Although "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . [, i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is an "inappropriate vehicle[] to

reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id*. "Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id*.

Here, Defendants move for reconsideration on grounds that this court misapprehended both controlling law and Defendants' position in determining on summary judgment that a question of fact existed as to when Plaintiffs discovered, or in the exercise of due diligence, should have discovered Plaintiff Neil Johnson's injury and its cause. Specifically, Defendants contend that this court neglected to apply the correct standard under Utah law in its commencement of statutes of limitations analysis. Defendants argue that Utah's prevailing legal standard requires the court "to determine when Plaintiffs suspected or believed that [Neil] Johnson had been injured as a result of the incident." Defendants also maintain that "a confusion may exist regarding whether the mere suspicion or belief standard applies to a case in which a plaintiff invokes the discovery rule. . . [and that] Defendants regret that their prior briefing may have contributed to that confusion, and [they] attempt to clarify the connection between the suspicion or belief standard and the discovery rule." Finally, "Defendants regret that they may have failed to sufficiently focus on the critical 'material' facts which form the basis of their summary judgment motion."

The court denies Defendants' Motion for Reconsideration on several grounds. First, the arguments Defendants assert in their request for reconsideration as to the appropriate framework to apply under Utah law for determining the commencement of a statute of limitations simply restate the positions and contentions Defendants made in their original motion. It is well

3

established that "a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion." *SCO Group, Inc. v. Novell, Inc.,* No. 2:04-CV-139DAK, 2007 WL 2746953, *1 (D. Utah Sept.14, 2007).  "A motion to reconsider must be made upon grounds other than . . . mere disagreement with the court's decision and must do more than rehash a party's former arguments." *Id*.

Second, to the extent that Defendants attempt to advance new arguments in support of their initial motion, Defendants decline to provide any justification for not raising these arguments earlier except for their own inadvertence.  Although a motion for reconsideration is an opportunity for a court to correct its "own alleged errors," *United States v. Ibarra*, 502 U.S. 1, 5 (1991), it is not designed to give a party a second bite at the apple.  *See Dixon v. Clem*, 419 F. Supp. 2d 947, 949 (E.D. Ky. 2006).  "A motion to reconsider is not a second opportunity for the losing party to make its strongest case . . . ."  *Santonio v. Tracy*, No. 2:05-CV-17 PGC, 2006 WL 3209981, at *1 (D. Utah Nov. 6, 2006); *see also Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1325 (D. Kan. 2006) (quotations and citation omitted).

Third, in its Order this court applied the framework set forth by the Utah Supreme Court in *Russell v. Packard Development, Inc. v. Carson*, 2005 UT 14, 108 P.3d 741, for determining when a statute of limitations commences and when the discovery rule works to toll the limitations period.  In *Russell*, the supreme court held that in Utah "a statute of limitations begins to run 'upon the happening of the last event necessary to complete the cause of action.'"  *Id*. at ¶ 20 (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)).  This is true even if a plaintiff is ignorant of the fact that a cause of action exists.  *See id*. ("Mere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a

plaintiff's failure to file a claim within the relevant statutory period.").  Thus, because under *Russell* a plaintiff need not be aware of his or her cause of action for a statute of limitations to commence, the court disagrees with Defendants' contention that the court's statute of limitations inquiry must focus on whether a plaintiff has a suspicion or belief as to the cause of his injuries. Under Utah law, a statute of limitations will commence regardless of whether a plaintiff has suspicions or beliefs as to cause.  *See id*.

The exception to Utah's harsh statute of limitations rule is the discovery rule, invoked in this case by Plaintiffs.  *See id*.  Determining whether the discovery rule applies is recognized as an often "difficult and intensely fact-intensive inquiry," *id*, and in its Order this court declined to make this inquiry as a matter of law.  *Cf. Collins v. Wilson*, 1999 UT 56, ¶ 21, 984 P.2d 960 (affirming trial court's denial of a motion for j.n.o.v. and concluding that sufficient evidence existed to support the jury's *factual finding* that plaintiff discovered or should have discovered injury before statute of limitations expired).  For the foregoing reasons, the court declines to reconsider its decision to abstain from making this inquiry.

## CONCLUSION

Defendants' Motion for Reconsideration is DENIED.

DATED this 22nd day of May, 2008.

BY THE COURT:

DALE A. KIMBALL

United States District Judge

5